## Case No. 11,009.

### PERRY v. NEWSOME.

[10 Int. Rev. Rec. 20.]

District Court, D. North Carolina. June 12, 1869.

WRITS—SUFFICIENCY OF SERVICE OF SUMMONS.

A supervisor of internal revenue served, in person, a summons upon N., a clerk of a railroad company, to produce certain books and papers and submit to examination, under section 49, Act July 20, 1868 [15 Stat. 144]. *Held*, the service of the summons was sufficient, and rule granted to show cause why attachment should not issue against the party refusing to comply therewith as for contempt.

This was a motion by [P. W. Perry] the supervisor for a rule against the defendant [Daniel R. Newsome], who is clerk of the North Carolina Railroad, having custody of the books of said company, for failing and

refusing to produce certain books and papers belonging to the company for examination by the supervisors, as provided in section 49, of the act of July 20, 1868. The district attorney, Hon. D. N. Starbuck, read a copy of the summons and an affidavit of the supervisor, of personal service on Mr. Newsome, and that he had neglected and refused to comply therewith, and asked for a rule to show cause why an attachment should not issue as for contempt, as provided in section 14 of the act of March 3, 1865, amended July 3, 1866. Hon. B. F. Moore, Jos. T. Weed, Esq., and Gov. Bragg appeared in opposition to the motion, and raised several points of objection, to wit, as to the form and contents of the summons and affidavit, the name of service (contending it should have been served by the assistant assessor), the constitutionality of the law authorizing such examination of private books and papers.

The law was argued at length by Mr. Moore, and the judge, without requiring reply from the district attorney, said: The form of the summons, its contents, and the manner of service, are not prescribed by the act authorizing it, but said act does prescribe the manner in which the supervisor may compel a compliance therewith, to wit, "in the same manner as assessors may do," which manner is pointed out in section 14 of the act of March 3, 1865 [13 Stat. 469], amended July 13, 1866 [14 Stat. 101].

As to the constitutional question, his honor remarked that acts of congress, and of our own state legislature, conferring this high power not only upon committees, but upon officers, to send for persons and papers to be examined in furtherance of a stated purpose, has been for so long a time acquiesced in, and so frequently indulged without the right having been seriously questioned in the courts, that it was now scarcely worth while seriously to debate the question. That as to the question of necessity, alluded to by Mr. Moore, no extraordinary power is granted by our law for any other reason than necessity, and in the opinion of his honor, there was both a necessity and a propriety for the provision here made for the proper enforcement of the internal revenue laws.

The counsel, Mr. Moore, desired to say that he did not mean to be understood as arguing against the constitutionality of the act authorizing the examination sought in this case. He conceded it to be constitutional.

BROOKS, District Judge, then decided that the supervisor had summoned the defendant in the manner provided in said section 49: that he had proceeded correctly in this application, to enforce compliance with the summons, to wit, as provided in said section 14, and was clearly entitled to the rule. Rule granted.

The supervisor, on assurance being given that the examination of the books and papers would be fully permitted, waived further proceedings.